**Robert CRANE, Plaintiff,**

v.

**Andrew L. LEWIS, Secretary of Transportation, et al., Defendants.**

**No. CA 81–1081.**

United States District Court, District of Columbia.

June 29, 1982.

John D. Bates, Asst. U.S. Atty., Washington, D.C., for defendants.

Leonard Rubenstein, Washington, D.C., for plaintiff.

## MEMORANDUM ORDER

JOHN GARRETT PENN, District Judge.

Plaintiff, a retired Air Traffic Control Specialist (Control Specialist) with the Federal Aviation Administration (FAA), filed this action for back pay, promotion adjustments and placement as an Air Information Specialist (Information Specialist). He contends that the FAA's denial of his application for reinstatement as an Information Specialist was discrimination on the basis of physical handicap in violation of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794a(a), and was arbitrary and capricious in violation of the Administrative Procedure Act (APA), 5 U.S.C. § 551 *et seq.*

The case is currently before the Court on cross-motions for summary judgment. There are no outstanding issues of material fact in the case.

### I

In 1976 plaintiff received a disability retirement from his employment with the FAA as a Control Specialist because he was unable to meet the hearing requirements for that position.

Prior to his retirement plaintiff had applied for an Information Specialist position, which consists of the collection and verification of aeronautical data. Unlike Control Specialists, who must communicate with pilots in-flight and handle airborne emergencies, Information Specialists are not required to pass any special hearing tests. They must merely meet those standards generally imposed on federal employees, including the "ability to hear the conversational voice, with or without a hearing aid."

Plaintiff's name was inadvertently omitted from the list of promotion candidates so he was not considered for the next available Information Specialist position. Ordinarily, an employee not given proper consideration for promotion would be given priority as to the next available position. Since plaintiff already had been retired at the time the error was discovered, no corrective action was taken.

By letter dated June 21, 1977 plaintiff demanded priority consideration for the next available Information Specialist position. E.F. Whitfield, Director of Personnel and Training, granted plaintiff's request, informed him that his employment would be subject to the Civil Service Commission's regulations on reemployment of annuitants, and directed him to submit a current SF–171. On August 19, 1977 Mr. Whitfield informed plaintiff that he anticipated the next vacancy would occur in six to eight weeks.

On February 13, 1978 Beauford A. Bancroft, Chief of the National Flight Data Center, refused to select plaintiff for an available Information Specialist position. He found plaintiff unqualified for the following reasons:

1. We have been advised by the Northwest Regional Office that Mr. Crane was given a medical disability retirement due to a loss of hearing, which affected his performance as a Flight Service Station Specialist.

2. The working environment in the NOTAM Office is almost identical to that of the Flight Service Station, in that there are four teletype positions of operation. Each position has either one or two high-speed printers, in addition to the CRT transmitting device. The office also has two additional high-speed printers that contribute to the noise level.

3. Specialists in the NOTAM Office are required to use telephones extensively.

4. The work is done on rotating shifts, where Mr. Crane could be on duty alone with no assistance in monitoring incoming phone calls.

Exhibit H, Defendants' Motion for Summary Judgment.

Plaintiff filed a formal grievance on April 3, 1979,[1] alleging that Mr. Bancroft imposed medical requirements not sanctioned by the Civil Service Commission, failed to inquire into plaintiff's actual medical qualifications, and denied plaintiff's application for medical reasons not imposed [sic] on other employees. After reviewing plaintiff's grievance Mr. Whitfield concluded that Mr. Bancroft's findings were not adequately documented and ruled that the priority consideration should be rerun. Since disability retirees seeking reemployment must show that they can perform satisfactorily Mr. Whitfield also directed plaintiff to submit to a medical examination. Finally, Mr. Whitfield denied plaintiff's request for back pay since there was no evidence that plaintiff should have been selected earlier.

Plaintiff acquiesced in Mr. Whitfield's decision to the extent it agreed to rerun the priority consideration but he took exception to, and attempted to appeal, the other conclusions. By letter dated December 18, 1979 Donald B. Rock, Director of Personnel and Training, informed plaintiff that Mr. Whitfield's decision was final agency action and no other relief was available. With respect to plaintiff's priority consideration, a decision would not be reached until the agency received and evaluated the medical information.

At the FAA's request plaintiff was examined by Dr. Archie C. Powell and the Seattle Hearing and Speech Clinic. Dr. Powell submitted a report to Dr. Edwin E. Westura, Chief of the Clinical Specialties Division of the FAA.[2] He concluded as follows:

Our audiogram shows a sensorineural deafness in both ears as seen with exposure to excessive noise. Although percentagewise, using ISO Standards, he has only 16% loss in the left ear and 13% in the right, his speech perception is down. With amplification he hears 96% of pho-

---

1. The delay of more than one year was the result of unsuccessful attempts by plaintiff to bring this issue before the Court in ongoing litigation between plaintiff and the FAA. *See* Exhibit J, Defendants' Motion for Summary Judgment.

2. Dr. Powell was under the impression that the position for which plaintiff was applying did not require good hearing. *See* Exhibit P, Defendants' Motion for Summary Judgment. The parties dispute whether this impression was false or not.

netically balanced words in the left, but only 72% on [sic] the right ear. This means that with an aid he possibly will hear adequately except for tones over 2000 frequency in the left ear, but with the right his speech discrimination would be poor. As we both know this type of curve can become progressively worse. If Mr. Crane would furnish a waiver on his hearing I should think the FAA would be safe in hiring this man.

Exhibit P, Defendants' Motion for Summary Judgment.

After reviewing Dr. Powell's findings Dr. Westura found that plaintiff failed to meet the general medical requirements for the Information Specialist position, which require an individual to be able to operate safely, efficiently and without presenting a danger to himself or others. His conclusions were based on the fact that an Information Specialist must verify garbled information transmitted to him by computer or telephone and that plaintiff's hearing loss was not adequately compensated for by artificial aids. The Acting Chief of the Operations Division, John R. Ryan, reviewed plaintiff's file and determined that he was not qualified for employment as an Information Specialist.

Plaintiff then filed a petition for reconsideration. In support of his petition plaintiff submitted reports by Dr. R. Emil Hecht and Denise Kossover-Wechter, M.A., Audiologist, which allegedly showed that his speech reception threshold with the advantage of a hearing aid was "quite normally functioning hearing." Attachment, Exhibit S, Defendants' Motion for Summary Judgment.

Notwithstanding the agency's assertion that the FAA's grievance procedure does not provide for requests for reconsideration, Lionel Driscoll, Chief of the Labor Relations and Career Development Branch of the FAA, reviewed plaintiff's submissions, and made the following findings, in pertinent part:

4. The material provided by you with your November 25 request for reconsideration is irrelevant to the necessary medical determination.

a. The material submitted from Dr. Hecht and Ms. Kossover-Wechter is speculative and hypothetical in nature. Their conclusions depend upon a premise being met which Mr. Crane has never attempted to satisfy.

b. Except for the tests conducted by Ms. Kossover-Wechter, Mr. Crane has never worn or attempted to wear artifical [sic] aids to improve his hearing. Any improvement in his hearing that would even approach acceptable standards would require Mr. Crane to procure and wear bilaterial [sic] aids, a step which he has never indicated he was willing to consider. It is speculative to assume that he could comfortably accept wearing articial [sic] aids for a sufficient period of time that he could safely and efficiently perform the duties of a [sic] Aeronautical Information Specialist without hazard to himself or others.

5. The material you submitted was reviewed by Dr. Westura but was not judged to be different from the data submitted by Dr. Powell, because the interpretation of that data depends on Mr. Crane possessing and wearing hearing aids.

6. As the additional data submitted can only be considered on a hypothetical basis, no reason has been presented to grant a request for reconsideration, even if such a request was provided for under the regulations or under our agreement.

Exhibit T, Defendants' Motion for Summary Judgment. The agency never asked plaintiff whether he was willing to wear a hearing aid. The petition was rejected and this action followed.

## II

According to regulations promulgated by the Office of Personnel Management, to implement the Rehabilitation Act, "[a]n agency shall make reasonable accommodation to the known physical or mental limitations of a qualified handicapped applicant

or employee unless the agency can demonstrate that the accommodation would impose an undue hardship on the operation of its program." 29 C.F.R. § 1613.704(a). An otherwise disqualifying physical condition or impairment may be overcome by the satisfactory use of mechanical devices such as a hearing aid. Federal Personnel Manual Letter 339–15.

Information Specialists are primarily responsible for the receipt, processing and dissemination of time-critical flight data concerning flying conditions throughout the total National Airspace System. Defendants contend that the use of a telephone is an essential function for the Information Specialist position as it is necessary to use a telephone to collect and confirm the accuracy of flight data. Defendants' Statement of Material Facts at ¶ 22; Declaration of Beauford Bancroft, Exhibit A, Defendants' Reply to Plaintiff's Opposition to Defendants' Motion for Summary Judgment. Defendants further contend that, based on the evidence before the agency, the agency reasonably concluded that plaintiff's hearing was not at a level sufficient to ensure that he could understand telephone conversations to the extent necessary to satisfactorily perform as an Information Specialist. Defendants' Reply Memorandum at 1. Because plaintiff never obtained, or indicated a willingness to obtain, a hearing aid, which would correct his hearing, the agency had no obligation to consider the strictly potential effect of such a device.[3] Defendants' Memorandum In Support of Motion for Summary Judgment at 15–16.

Plaintiff asserts three alternative methods of relief from the agency's failure to provide him the same opportunities it affords non-handicapped individuals. First, pursuant to the Rehabilitation Act he claims a right to *de novo* judicial consideration of his discrimination allegations. To find discrimination the Court must be able to conclude that plaintiff was denied employment due to his handicap and that he is qualified for the position notwithstanding his handicap.

Even if the Court does not find plaintiff presently qualified, plaintiff suggests he is entitled to summary judgment because the agency failed to meet its duty of reasonable accommodation under the Rehabilitation Act.

Plaintiff's third avenue of attack is that the agency's decision was arbitrary and capricious, in violation of the APA, because there was no evidence to support the agency's conclusion that plaintiff's hearing loss rendered him incompetent to perform as an Information Specialist.

### III

Both sides have extensively analyzed the medical reports in an attempt to glean support for their respective contentions. The Court concludes, however, that the medical reports are not helpful as they do not address the underlying question in this case; whether or not plaintiff has the capacity to use a telephone with or without a hearing aid or other accommodation devices. Thus, there is insufficient evidence before the Court for the Court to make a *de novo* finding as to plaintiff's ability to meet the job qualifications.

The Court does find that the agency has not met its burden of proposing reasonable methods of facilitating plaintiff's handicap. For some reason the agency contends that because plaintiff has not come forward and indicated a willingness to obtain and use certain compensatory devices it has no duty to consider and recommend those methods of accommodation. In this Court's view the agency is putting the cart before the horse. Pursuant to the Rehabilitation Act and 29 C.F.R. § 1613.704(a), the agency should suggest reasonable accommodations, such as hearing aids or other telephone amplification devices, and test plaintiff's performance with them. If plaintiff cannot perform adequately without a compensatory device and refuses to use one

---

**3.** Defendants do not contest the jurisdiction of this Court to decide the issues before it. They join plaintiff in requesting this Court to decide whether the agency erred in deciding plaintiff could not satisfactorily hear on a telephone. Defendants' Reply Memorandum at 4 n. 2.

then the agency will have fulfilled its responsibility to plaintiff.

█ Finally, for the same reason the Court cannot reach a decision on plaintiff's ability to perform as an Information Specialist on the evidence before it, the Court finds the agency's decision to be lacking an evidentiary basis and therefore arbitrary and capricious. Dr. Westura's conclusion was predicated on the fact that plaintiff's hearing was not compensated for by artificial devices and on Dr. Powell's conclusion that even with amplification plaintiff would have partial hearing loss. But, Dr. Powell did not test plaintiff with a hearing aid specifically designed to meet plaintiff's needs, nor did he test plaintiff's hearing capacity on a telephone. Moreover, unless Mr. Driscoll has a medical background he should not be deciding that plaintiff's medical submissions are irrelevant, and therefore, his decision must be regarded as arbitrary and capricious.

### IV

In view of the above, it is hereby

ORDERED that defendants' motion for summary judgment is denied, and it is further

ORDERED that so much of plaintiff's motion for summary judgment requesting placement as an Information Specialist, back pay, and costs, is denied, and it is further

ORDERED that plaintiff's motion for summary judgment is granted to the extent that this case is remanded to the FAA for further proceedings in accordance with this opinion, and it is further

ORDERED that this case may be reopened after the administrative proceedings have been completed.